# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MARCUS HENRY,**

    Plaintiff,

vs.                                                  Civ. No. 01-43 BB/DJS

**LARRY G. MASSANARI, Acting**
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed July 11, 2001. (Docket No. 8 ). The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is not well taken.

## PROPOSED FINDINGS

### I. PROCEDURAL RECORD

1. Plaintiff Marcus Henry filed an application for benefits on January 6, 1998 alleging a disability since May 3, 1996. Tr. 14. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on November 2, 1998. At the hearing, the Plaintiff was represented by his

1

attorney. On November 17, 1998, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant has had a "severe" impairment or combination of impairments: he was injured in a motor vehicle accident which occurred on or about his alleged onset date; the severity of the claimant's's impairments do not meet or equal a listed impairment; the claimant has symptom-producing medical problems but exaggerates the symptoms and functional limitations produced thereby; the claimant has the residual functional capacity for light work; and under the Medical-Vocational Guidelines (grids), the claimant is not disabled. Tr. 14-17.

2.  On the date of the ALJ's decision, Plaintiff was 37 years old. He had a limited education and past relevant work experience as a construction laborer and carpenter.

3.  The ALJ entered his decision on November 17, 1998. Thereafter, the Plaintiff filed a request for review. Tr. 8. On November 8, 2000, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on January 11, 2001.

## II. STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is

not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. Sec. 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

6. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404,, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. Secs. 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff raises four arguments in support of his Motion to Reverse . First, the Plaintiff asserts that the ALJ failed to develop the record. Second, Plaintiff asserts that the ALJ failed to do a proper analysis of the Plaintiff's pain. Third, Plaintiff asserts that the ALJ failed to properly assess the Plaintiff's residual functional capacity; Fourth, Plaintiff asserts the ALJ failed to obtain the

testimony of a vocational expert and improperly applied the grids.

Duty to fully develop the record.

8. Plaintiff asserts that the ALJ failed to develop the record by not obtaining consultative evaluations. Further, Plaintiff argues that the Indian Health Service was not authorized to do disability assessments, thus requiring the ALJ to order the evaluations. Plaintiff's arguments are without merit. The issue is "what quantum of evidence a claimant must establish of a disabling impairment or combination of impairments before the ALJ will be required to look further." Hawkins v. Chater, 113 F.3d 1162 (10th Cir. 1997). The Secretary has broad latitude in ordering consultative examinations. Diaz v. Secretary of HHS, 898 F.2d 774, 778 (10th Cir. 1990). Nevertheless, it is clear from the regulations and case law that when there is direct conflict in the medical evidence or where the medical evidence is inconclusive, a consultative examination is often required. 20 C.F.R. §404.1519a(b)(4); Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993).

9. In this case, the ALJ did not err in not ordering a consultative examination. Regarding Plaintiff's physical impairments, the evidence was conclusive and complete. It appears that the record contained all of Plaintiff's medical records concerning Plaintiff's back problems. Tr. 157-212. Plaintiff did not assert otherwise. The observations and opinions of Plaintiff's treating physicians are contained in these records. Plaintiff's treating physicians' diagnoses and treatment recommendations are also contained in these records. The medical evidence was sufficient to support the ALJ's decision. 20 C.F.R. §1519a.

10. Further, a consultative examination was not necessary to further develop the record with regard to Plaintiff's alleged depression. The medical records demonstrate that Plaintiff was not diagnosed with depression. Plaintiff was not treated for any mental disorder. Plaintiff did not list any

4

antidepressant medications on his statements. Tr. 29. Plaintiff's physicians have not referred him for treatment or counseling nor has the Plaintiff sought treatment for depression. Simply Plaintiff has not provided any objective evidence of a mental illness. Plaintiff's subjective complaints are not a sufficient basis to order a consultative evaluation. Diaz, 898 F.2d at 778 (denying remand for consultative examination where claimant had failed to present "objective evidence supporting the conclusion that he suffers from depression").

The ALJ's analysis of Plaintiff's complaints of pain.

11.     The ALJ found that Plaintiff's subjective complaints of pain were not supported by the record and thus lacked credibility. Tr. 15. A review of the ALJ's decision showed that he complied with the relevant case law by going beyond the objective medical evidence and considered other factors. Adams v. Chater, 96 F.2d 712, 714 (10th Cir. 1996). The decision demonstrates that the ALJ did not, as asserted by the Plaintiff, rely upon "his one sentence comment regarding the claimant's pain." Plaintiff's Memorandum, p. 9. The ALJ thoroughly discussed the evidence of record, citing specific evidence relating to the credibility factors, including Plaintiff's objective medical findings, daily activities, periodic use of medications, and subjective functional limitations. At the hearing, Plaintiff testified that he no longer drives and spends most of his time lying down and watching television. Tr. 261. However, on his applications forms, Plaintiff reported activities including driving, gathering firewood, and light household chores. Tr. 110-111. The medical records also indicate he was lifting trusses in July of 1997. Tr. 181. The ALJ noted that on two occasions during the administrative hearing the Plaintiff testified that he had quit drinking on the day of his accident. Tr. 262 and 270. However there is a medical record which indicated he fell off his horse while intoxicated in June of 1997. Tr. 183. The ALJ also noted Plaintiff's medication helped his

5

pain. Tr. 158. Additionally, the ALJ also properly noted that Plaintiff failed to keep his follow-up appointments and did not attend physical therapy. Tr. 16. The record demonstrates that Plaintiff was non-compliant and failed to keep appointments. Tr. 158, 159, 178, 184, 189, 192, 212). This was properly considered by the ALJ. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). The ALJ analyzed Plaintiff's complaints under Luna and Social Security Ruling 96-7p. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). The Court is not permitted, as Plaintiff appears to request, to reweigh the evidence. See Kelly v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

The ALJ's residual functional capacity determination.

12. The ALJ found that Plaintiff retained the residual functional capacity for light work. This finding is supported by the substantial evidence. The objective medical evidence shows that Plaintiff has degenerative joint disease of the spine and hypertension. Plaintiff's range of motion was within normal limits except for extension. Tr. 158 and 160. He had no radicular pain and straight leg raises were negative. Tr. 158 and 161. Plaintiff did not experience significant neurological symptoms. Tr. 158, 177, 179 and 180. Further, Plaintiff told his physicians that walking helped alleviate his pain. Tr. 158 and 160. Plaintiff's treating physician found in July of 1997 that the Plaintiff was "ok for duty" with a fifty-pound lifting restriction. Tr. 179. Similarly, state agency physicians concluded that Plaintiff could perform the full range of light work. Tr. 200.

The ALJ relied on the grids; vocational expert.

13. The ALJ properly applied the Medical-Vocational Guidelines (grids) to determine that Plaintiff was not disabled. The ALJ found that Plaintiff's subjective complaints of pain were not supported by the record and thus lacked credibility. Tr. 15. When there is no basis for subjective complaints, vocational expert testimony is not required and it is proper to apply the grids.. Castellano

v. Secretary of HHS, 26 F.3d 1027, 1030 (10th Cir. 1994). Thus, Plaintiff's arguments are without merit.

**RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did apply the correct legal standards and his decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed September 21, 2001, should be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**